**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| IN RE FRED L. MORRISON,<br>　　Debtor. | )<br>)<br>) **Case No. 13-40935**<br>) |
| | )<br>) |
| STATE OF KANSAS, ex rel, Lana Gordon,<br>Secretary of Labor,<br>　　Plaintiff, | )<br>)<br>)<br>) **Adv. No. 16-4154-can** |
| v. | )<br>) |
| FRED L. MORRISON,<br>　　Defendant. | )<br>)<br>) |

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

This matter comes before the Court on Plaintiff State of Kansas' motion for summary judgment with respect to its 11 U.S.C. § 523(a)(2) complaint seeking to except from discharge a debt for overpayment of unemployment benefits paid to the Debtor/Defendant, Fred Morrison. Plaintiff argues that it is entitled to summary judgment as a matter of law based on the collateral estoppel effect of its administrative orders, which state that the Debtor obtained unemployment benefits of $1,158[1] on the grounds of false pretenses, fraud or misrepresentation. Debtor's answer denies knowledge of the overpayments or the intent to deceive. Debtor's time to respond to the motion has not yet expired, but the Court determines that Plaintiff has not established its entitlement to summary judgment as a matter of law[2] and therefore denies the motion without prejudice, for the following reasons:

1.　The District Court for the Western District of Missouri has established local rules governing the filing of suggestions in support of motions, which apply to the extent

---

[1]　　The total amount of the debt sought to be determined as nondischargeable is $2,015.65, consisting of $1,158 in benefits, plus $290 in statutory penalty, plus accrued interest through the date of filing of $567. 65.

[2]　　Fed. R. Civ. Proc. 56, made applicable by Fed. R. Bankr. Proc. 7056(a).

the Bankruptcy Court has not adopted its own local rule and to the extent this Court exercises its discretion to render a rule applicable.[3] District Court L.R. 7.0(d) states that, unless the court orders otherwise, suggestions in support of motions may not exceed 15 pages. In this case, the Plaintiff combined its motion for summary judgment with its suggestions in support and filed a separate document consisting of exhibits. Excerpting out of the motion the statements of uncontroverted fact, the Plaintiff's suggestions constitute more than 30 pages. The entire motion is 55 pages, accompanied by 87 pages of exhibits. The motion was filed on January 31, the same day of the pretrial conference, just two weeks before the trial setting on February 15, 2017, and without a request by Plaintiff to continue the trial setting.[4] At the pretrial conference, Debtor's counsel represented she was prepared to go to trial on February 15.[5] Plaintiff's motion does not comply with L.R. 7.0(d) and Plaintiff did not seek leave to exceed the page limit established by the local rules. Moreover, Debtor and his counsel are otherwise prejudiced by the voluminous nature of the motion filed on the eve of trial – particularly given the *de minimis* nature of the amount at issue. The Court therefore exercises its discretion in the governance of the matters before it to decline to consider either the motion or the "suggestions" embedded therein at this stage of the proceeding, given that the voluminous and noncompliant nature of the motion constitutes a burden on the Court.[6]

---

[3]     Bankr. L.R. 1001-1.D.

[4]     *See* Bankr. L.R. 9013-1.H (summary judgment motions must be filed within the time set forth in the pretrial order). Here, the Court had not issued a final pretrial order at the time the summary judgment motion was filed since Plaintiff filed its motion the morning of the pretrial conference.

[5]     In light of Plaintiff's filing of the motion the day of the pretrial conference, however, the Court cancelled the trial and continued the pretrial conference to February 14, 2017, to allow the Court to review the summary judgment motion.

[6]     *See* Fed. R. Bankr. Proc. 1001 ("These rules shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding").

2. More importantly, Debtor's answer denies intent to misrepresent and any knowledge of the overpayments. The administrative findings were based on a default order, calling into question which of the findings may be given preclusive effect; although collateral estoppel applies in nondischargeability proceedings, the bankruptcy court has exclusive jurisdiction over whether a particular debt should be excepted from discharge under § 523(a)(2).[7] There is a genuine issue of material fact regarding Debtor's intent to deceive, one of the necessary elements of § 523(a)(2), which precludes the granting of summary judgment at this time.

Plaintiff's motion for summary judgment is therefore DENIED without prejudice. The parties are directed to be prepared to discuss a trial setting at the next hearing.


Dated: February 10, 2017                    /s/ Cynthia A. Norton
                                            United States Bankruptcy Judge

---

[7]     *See generally In re Treadwell*, 459 B.R. 394 (Bankr. W.D. Mo. 2011).